IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA STOCKTON, ADC #169885                          PLAINTIFF

V.                        NO. 4:23-cv-00131-KGB-ERE

JOE PAGE, *et al.* [1]                                  DEFENDANTS

## ORDER

Defendants have filed a motion for partial summary judgment, a brief in support, and a statement of undisputed facts arguing that Mr. Stockton failed to exhaust his administrative remedies against Defendants Page, Cobbs, and Bolden before filing this lawsuit.[2] *Docs. 76, 77, 78. Pro se* plaintiff Joshua Stockton has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that

---

[1] **The Clerk is instructed to update the docket sheet to reflect the full and correct names of Defendants Cobbs, Desmute, and Boulden – Mary Cobbs, Majestic Dismute, and Kennie Bolden.** *Doc. 20.*

[2] Defendant Dismute does not argue that Mr. Stockton failed to fully exhaust his claims against her before filing this lawsuit. In addition, Defendants Arkansas Department of Corrections and Daniels are not parties to the pending motion for partial summary judgment. I previously recommended that Mr. Stockton's claims against the Arkansas Department of Corrections be dismissed based on his failure to state a plausible constitutional claim for relief. *Doc. 14.* I also recommended that Mr. Stockton's claims against Defendant Daniels be dismissed for failure of service. Those Recommendations remain pending. *Doc. 72.*

Mr. Stockton's response should include his legal arguments, as well as affidavits,[3] prison records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[4] Mr. Stockton must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Stockton's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in Defendants' statement of undisputed facts. *Doc. 78.* If Mr. Stockton disagrees with any of the facts in Defendants' statement of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact.

If Mr. Stockton relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Stockton's factual

---

[3] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746, by including the following statement before the date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an affidavit unless it meets these requirements.

[4] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

Defendants' motion for summary judgment concerns only whether Mr. Stockton fully and properly exhausted the grievance process with regard to his pending claims against Defendants Page, Cobbs, and Bolden *before* filing this lawsuit. Therefore, Mr. Stockton's response to the motion should focus on that issue.

IT IS THEREFORE ORDERED THAT:

1.      Mr. Stockton has until **September 23, 2024**, to file: (1) a response to Defendants' motion for partial summary judgment on the issue of exhaustion; and (2) a separate statement of disputed facts. As to any filing, Mr. Stockton should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2.      Mr. Stockton is advised that the failure to timely and properly file a response and statement of disputed facts may result in: (1) all of the facts in Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of Mr. Stockton's, without prejudice, pursuant to Local Rule 5.5(c)(2).

SO ORDERED 28 August 2024.

_____
UNITED STATES MAGISTRATE JUDGE